**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-7152

MICHAEL ISAIAH ANDERSON, JR.,

Plaintiff - Appellant,

v.

MAJOR BROWN, Florence County Detention Center; CAPTAIN PATTON, Florence County Detention Center; C. NEAL, Sergeant Florence County Detention Center,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:23-cv-03018-HMH)

Submitted:     March 19, 2024                          Decided: April 23, 2024

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Michael Isaiah Anderson, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Isaiah Anderson, Jr., appeals the district court's order denying relief on his 42 U.S.C. § 1983 complaint. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that relief be denied because Anderson did not allege that any individual defendant acted with a sufficiently culpable state of mind and because some of the relief he sought—replacement of the facility's plumbing and water testing—was not relief that the district court could award. Anderson timely filed objections, but the district court determined such objections merely restated his claims and were therefore insufficiently specific to warrant de novo review. Thus, after reviewing the magistrate judge's recommendation for only clear error, the district court adopted the magistrate judge's recommendation and dismissed Anderson's claims. Anderson timely appealed.

We review the sufficiency of objections to a magistrate judge's recommendations de novo. *Elijah v. Dunbar*, 66 F.4th 454, 461 (4th Cir. 2023). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).

Here, although the district court was correct in observing that Anderson's objections largely restated his claims, we made clear in *Elijah* that, especially given our obligation to construe pro se filings liberally, objections which merely restate claims are "sufficiently specific because [they] 'alert[] the district court that [the litigant] believed the magistrate

2

judge erred in recommending dismissal of those claims.'" *Id.* (quoting *Martin v. Duffy*, 858 F.3d 239, 246 (4th Cir. 2017)). Moreover, Anderson stated in his objections that "[t]he Administration have to be aware of what going on so that deliberating depriving me of life." E.R. 103 (errors uncorrected). Construed liberally, this statement was Anderson's attempt to alert the district court to his belief that the defendants acted with a sufficiently culpable state of mind. Thus, Anderson sufficiently alerted the district court that he disagreed generally with the magistrate judge's recommendation to dismiss his complaint and specifically with the magistrate judge's conclusions regarding the sufficiency of his mental state allegations.

Accordingly, Anderson's objections were sufficiently sufficient to warrant de novo review of the portions of the magistrate judge's order to which he objected. We therefore vacate the district court's order and remand for de novo review.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

3